527018.1

WATANABE ING LLP
A Limited Liability Law Partnership

MICHAEL C. BIRD        #5935-0
SUMMER H. KAIAWE  #9599-0
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
Telephone:  (808) 544-8300
Facsimile:  (808) 544-8399
E-mails:    mbird@wik.com
                  skaiawe@wik.com

Attorneys for Defendants
**WELLS FARGO BANK, N.A.,**
**MICHAEL JAMES MARTIN, AND**
**COLLEEN ANN JERGENS**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL W. LEWIS and CONNIE K. LEWIS,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>HSBC BANK USA, N.A.; MICHAEL JAMES MARTIN; COLLEEN ANN JERGENS; WELLS FARGO BANK, N.A.; and DOE DEFENDANTS  1-50,<br><br>                    Defendants. | CIVIL NO.  17-00234 DKW-KSC<br>(Other  Civil Action)<br><br>DEFENDANTS MICHAEL JAMES MARTIN, COLLEEN ANN JERGENS, AND WELLS FARGO BANK, N.A.'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFFS' MOTION FOR AN ORDER OF REMAND [ECF NO. 17]; DECLARATION OF MICHAEL C. BIRD; DECLARATION OF SUMMER H. KAIAWE; EXHIBIT "A"; CERTIFICATE OF SERVICE |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...........................................................................................1

II.  RELEVANT PROCEDURAL HISTORY .......................................................3

III.  ARGUMENT.................................................................................................7

    A.  HSBC Bank, Trustee's Consent Was Not Required Because HSBC Bank, Trustee Was Not a Known Properly Served and Joined Defendant at the Time of Removal .......................................................7

    B.  HSBC Bank, Trustee's Consent Has Been Timely Given ..................14

    C.  Plaintiffs Fail to Allege or Establish Prejudice ...................................19

    D.  Remand Would Not Promote the Purpose of the Unanimity Rule .....20

IV.  CONCLUSION............................................................................................21

# TABLE OF AUTHORITIES

**Federal Cases**

Abrego v, Abrego v. The Dow Chemical Co.,
443 F.3d 676 (9th Cir. 2006) ...................................................................8

Baker v. JP Morgan Chase Bank, N.A.,
Civil No. 3:12-1222, 2013 WL 5331136 (M.D. Tenn. Sept. 23, 2013) .................19

Couzens v. Donohue,
854 F.3d 508 (8th Cir. 2017) .................................... 15, 16, 18

Destfino v. Reiswig,
630 F.3d 952 (9th Cir. 2011) ...................................................17

Gaynor v. Miller,
205 F. Supp. 3d 935 (E.D. Tenn. 2016)..................................... 16, 18, 19

Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America,
841 F.2d 1254 (5th Cir.1988) ...................................................21

Griffioen v. Cedar Rapids & Iowa City Ry. Co.,
785 F.3d 1182 (8th Cir. 2015) ........................................... 15, 16

Hyland v. Office of Hous. & Cmty. Dev.,
No. CV 15-00504 LEK-RLP, 2016 WL 899237 (D. Haw. Mar. 8, 2016)....... 17, 18

Laurie National Railroad Passenger Corporation,
Civ.A. 01-6145, 2001 WL 34377958 (E.D. Pa. Mar. 13, 2001) ............ 9, 10, 11, 12

Lewis v. Almeida,
No. 3:13-CV-675-TAV-CCS, 2014 WL 2718899 (E.D. Tenn. June 16, 2014)......19

Lopez v. BNSF Railway Company,
614 F.Supp.2d 1084 (2007) ............................................. 8, 9, 10, 11, 12

Milstead Supply Co. v. Casualty Ins., Co.,
797 F.Supp. 569 (W.D. Tex. 1992) ...................................... 9, 10, 11, 12

Pioneer Asset Inv. Ltd. v. Arlie & Co.,
CV 15-00387 ACk-KSC, 2015 WL 9665667 (D. Haw. Dec. 14, 2015).......... 18, 19

Prize Frize, Inc. v. Matrix (U.S.) Inc.,
167 F.3d 1261 (9th Cir. 1999) ...................................................................8

Sansone v. Morton Machine Works, Inc.,
188 F.Supp.2d 182 (D.R.I. 2002)...............................................................20

Soliman v. Philip Morris Inc.,
311 F.3d 966 (9th Cir. 2002) ....................................................................17

US Bank Nat. Ass'n v. Taylor,
CV 15-00018 DKW-KSC, 2015 WL 1057119 (D. Haw. March 10, 2015)..... 13, 14

**Federal Statutes**

28 U.S.C. § 1446 ........................................................................... 7, 13, 16

28 U.S.C. § 1441(b) ...................................................................................13

28 U.S.C. § 1446(a) ............................................................................ 2, 7, 12

28 U.S.C. § 1446(b)(2)(A) ................................................................... 7, 17

28 U.S.C. § 1446(b)(2)(C) .................................................................. passim

**DEFENDANTS MICHAEL JAMES MARTIN, COLLEEN ANN JERGENS, AND WELLS FARGO BANK, N.A.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER OF REMAND [DOC. 17]**

Defendants MICHAEL JAMES MARTIN ("Mr. Martin"), COLLEEN ANN JERGENS ("Ms. Jergens"), and WELLS FARGO BANK ("Wells Fargo") (collectively, the "Removing Parties"), by and through their attorneys, Watanabe Ing LLP, hereby respectfully submit their Memorandum in Opposition to the Motion for an Order of Remand (Doc. 17) filed by Plaintiffs PAUL W. LEWIS and CONNIE K. LEWIS (collectively, "Plaintiffs") on June 22, 2017 (the "Motion").

**I.      INTRODUCTION**

It is undisputed that (1) this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00; (2) this Court is the proper venue; and (3) the Notice of Removal filed on May 23, 2017 by Defendants MICHAEL JAMES MARTIN ("Mr. Martin"), COLLEEN ANN JERGENS ("Ms. Jergens"), and WELLS FARGO BANK ("Wells Fargo") (collectively, the "Removing Parties") was timely filed.

Notwithstanding the foregoing, the Motion argues that this case should be remanded because Defendant HSBC BANK USA, N.A. ("HSBC Bank, Trustee")

did not consent to removal of this action and the deadline for such consent has passed.  The Motion must be denied for the following reasons.

*First*, prior to removal, the Removing Parties exercised reasonable diligence to ascertain whether HSBC Bank, Trustee had been properly served and joined in the State Court Action.  Despite the exercise of reasonable diligence, the Removing Parties acquired no actual or constructive knowledge that HSBC Bank, Trustee had indeed been served.[1]  Under the circumstances, the Removing Parties were not required to obtain HSBC Bank, Trustee's consent to removal.

*Second*, because fewer than all named defendants joined in removal, pursuant to § 1446(a) the Notice of Removal affirmatively explained the absence of HSBC Bank, Trustee, the only non-joining defendant in the Notice of Removal.

*Third*, even assuming *arguendo*, HSBC Bank, Trustee's consent to removal was required, it has been timely given pursuant to 28 U.S.C. § 1446(b)(2)(C).  Indeed, on July 12, 2017, HSBC Bank, Trustee filed its Consent to and Joinder in [ECF No. 1] Notice of Removal, filed on May 23, 2017, indicating that it gave its consent to removal to the Removing Parties on June 26, 2017.

*Fourth*, the argument in the Motion that HSBC Bank, Trustee's consent is untimely if given more than thirty (30) days after the Removing Parties were

---

[1]  According to Plaintiffs, HSBC Bank, Trustee was served by Certified Mail on or about May 1, 2017.

2

served with the Complaint, which was June 6, 2017, fails because the applicable statute does not impose a thirty (30) day time limit to consent.

Under 28 U.S.C. § 1446(b)(2)(C), "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Here, the Removing Parties are "later-served" defendants and HSBC Bank, Trustee is an "earlier-served" defendant. The plain language of § 1446(b)(2)(C) does not impose a thirty (30) day time limit, unlike other provisions in § 1446(b).

*Fifth*, even assuming *arguendo*, HSBC Bank, Trustee's consent was required, Plaintiffs have neither claimed nor presented any evidence of prejudice as a result of receiving HSBC Bank, Trustee's consent on June 26, 2017 as opposed to by June 6, 2017 when Plaintiffs' claim consent was due.

*Sixth*, under the circumstances, remand would produce an absurd result and would not promote the underlying purpose of the unanimity or consent requirement.

## II.   **RELEVANT PROCEDURAL HISTORY**

On April 27, 2017, Wells Fargo was served with the First Amended Complaint (the "FAC"). See ECF No. 1, Notice of Removal at ¶ 6.

On May 7, 2017, Mr. Martin and Ms. Jergens were served with the FAC. See id. at ¶ 7.

On May 16, 2017, Watanabe Ing LLP was retained to represent Mr. Martin, Ms. Jergens, and Wells Fargo (previously defined as the "Removing Parties"). Declaration of Michael C. Bird (the "Bird Decl.").  On May 17, 2017, counsel for the Removing Parties contacted David Rosen, Esq., who had represented HSBC in another similar wrongful foreclosure lawsuit, and asked if Mr. Rosen had been retained to represent HSBC in this case.  Bird Decl. at ¶ 5.  Mr. Rosen relayed that he had not heard of the case yet.  Id.

On May 23, 2017, counsel for the Removing Parties reviewed the docket for the State Court Action accessed through the judiciary's Hoʻohiki website at http://hoohiki.courts.hawaii.gov/#/search.  ECF No. 1, Notice of Removal at ¶ 8; ECF No. 2, Errata to Notice of Removal (explaining that the Notice of Removal filed on May 23, 2017 was inadvertently dated May 24, 2017); Declaration of Summer H. Kaiawe (the "Kaiawe Decl."), at ¶ 5.

The docket is a public record which reflects documents filed in a case.  As of May 23, 2017, the public docket for the State Court Action did not reflect any record of a proof of service or return of summons filed with the Fifth Circuit Court. ECF No. 1, Notice of Removal at ¶ 8; Kaiawe Decl. at ¶ 6.  A copy of the docket for the State Court Action accessed through Hoʻohiki on May 23, 2017 was

4

attached as Exhibit "1" to the Notice of Removal.  <u>See id.</u>  For the Court's ease of

reference, a true and correct copy of the docket accessed on May 23, 2017 and

printed to PDF on May 23, 2017, which was attached to the Notice of Removal as

Exhibit "1" is attached here as **Exhibit "A"**.  The date stamp 5/23/2017 appears on

the lower right hand corner of each page.

     Relying on the absence of entry of a proof of service or return of summons

on the public docket accessible through the judiciary's Hoʻohiki website on May

23, 2017, HSBC Bank, Trustee was not known by the Removing Parties to be a

"properly served and joined" defendant whose consent to removal was required.

As a result, Wells Fargo, Mr. Martin, and Ms. Jergens proceeded to file their

Notice of Removal.  Importantly, the Removing Parties affirmatively explained the

absence of the non-joining defendant, HSBC, in the Notice of Removal:

> Based upon a review of the public docket for the State Court Action
> accessed on Hoʻohiki on May [23], 2017,[2] no return of service as to
> HSBC has been filed.  Upon information and belief, it does not appear
> that HSBC has been served with the FAC.  As a result, HSBC's
> consent to removal is not required.

     On June 6, 2017, the parties conducted their FRCP Rule 16 planning

meeting to discuss the scope and timing of discovery pursuant to FRCP Rule

---

[2] The Notice of Removal inadvertently stated May 24, 2017, not May 23, 2017.
<u>See</u> Errata to Notice of Removal (Doc. 1), Doc. 2, which corrects this inadvertent
typographical error.

26(f)(3) and other applicable matters required under the Federal and Local Rules. See ECF No. 11, Joint Report of the Parties' Planning Meeting.

On June 6, 2017 at 3:05 p.m., after the parties conducted their FRCP Rule 16 planning meeting, counsel for Plaintiffs provided counsel for the Removing Parties with a copy of the proof of service on HSBC Bank, Trustee which appeared to be file stamped on May 22, 2017.

On June 9, 2017, Plaintiffs filed the Joint Report of the Parties' Planning Meeting, discussing Plaintiffs and the Removing Parties agreement to comply with the scope and timing of discovery pursuant to FRCP Rule 26(f)(3).  ECF No. 11. The Joint Report of the Parties' Planning Meeting confirmed that Defendant HSBC has not yet appeared.  Id. at 2.

On June 19, 2017, Plaintiffs filed their Rule 16 Scheduling Conference Statement, which disputed this Court's jurisdiction on the basis that HSBC Bank, Trustee was served prior to removal, but apparently had not given its consent to removal.  See ECF No. 14.

HSBC Bank, Trustee retained local counsel on or around June 26, 2017.  See ECF No. 23, HSBC Bank, Trustee's Joinder and Consent to Removal.   That same day, HSBC Bank, Trustee's local counsel learned from counsel for the Removing Parties that the case had been removed.  Id.  On June 26, 2017, HSBC Bank,

Trustee s local counsel informed counsel for the Removing Parties that HSBC

Bank, Trustee consented to removal.  Id.

## III.    ARGUMENT

### A.    HSBC Bank, Trustee's Consent Was Not Required Because HSBC Bank, Trustee Was Not a Known Properly Served and Joined Defendant at the Time of Removal

Removal of a civil action from a State court is governed by 28 U.S.C.

§ 1446, which provides in relevant part:

> A defendant or defendants desiring to remove any civil action from a
> State court shall file in the district court of the United States for the
> district and division within which such action is pending a notice of
> removal signed pursuant to Rule 11 of the Federal Rules of Civil
> Procedure and containing a short and plain statement of the grounds
> for removal, together with a copy of all process, pleadings, and orders
> served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  Generally, "[w]hen a civil action is removed solely under

section 1441(a),[3] all defendants who have been **properly joined and served** must

join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A)

(emphasis added) (referring to the "unanimity" rule).

If fewer than all defendants join in removal, the removing party has the

burden, under § 1446(a), of affirmatively explaining the absence of the non-joining

---

[3]  28 U.S.C. § 1441 provides that "[e]xcept as otherwise expressly provided by an
Act of Congress, any civil action brought in a State court of which the district
courts of the United States have original jurisdiction, may be removed by the
defendant or the defendants, to the district court of the United States for the district
and division embracing the place where such action is pending."

defendant(s) in the notice for removal.  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) overruled on other grounds by Abrego v, Abrego v. The Dow Chemical Co., 443 F.3d 676, 670 (9th Cir. 2006) (finding the removal notice insufficient where it stated that the defendants believed that many, rather than all, of the non-consenting defendants were not properly served).[4]

Courts have interpreted the unanimity rule to require the consent of those non-removing defendants who have been properly joined and served and whom the removing defendants knew or should have known through the exercise of reasonable diligence had been served.  Although this Court has not had occasion to address this particular issue, the Eastern District of California's decision in Lopez v. BNSF Railway Company, 614 F.Supp.2d 1084 (2007) and the cases cited therein are instructive.

In Lopez, counsel for the removing defendants BNSF and Amtrak checked the online docket on the day that removal was effected to determine the status of service on the other named defendants.  614 F.Supp.2d at 1087.  At that time, there was no proof of service on file.  Id.  Prior to removal, counsel for the removing

---

[4]  The Motion relies on Prize for the proposition that consent cannot be given because the thirty day window after service on the Removing Defendants has closed.  Mot. at 6.  Such reliance is misplaced.  In Prize, all of the defendants did not consent to removal.  Further, the notice of removal was defective on its face where it did not explain the absence of the non-consenting defendants.  In contrast, here, the Notice of Removal affirmatively explained the absence of HSBC Bank, Trustee's consent at the time of removal and HSBC Bank, Trustee has since given its consent.

defendants BNSF and Amtrak also contacted legal counsel for one of the other named defendants, Kern County, who was unaware of any service on the county.

Thereafter, defendants BNSF and Amtrack filed their notice of removal.  As fewer than all defendants joined in the removal, defendants BNSF and Amtrack explained the absence of the remaining defendants by stating, in relevant part, that no other defendants had been served at the time of removal and, thus, need not join in the removal.  Lopez, 614 F.Supp.2d at 1087.  The same day the notice of removal was filed, plaintiffs filed proofs of service as to certain other defendants. Id.

Plaintiffs filed a motion to remand, arguing that the consent of other defendants properly served and joined before the notice of removal was filed, consent of those other defendants was required.  Id. at 1987-1088.  In opposition to the motion to remand, defendants BNSF and Amtrack urged the Lopez court to follow the reasoning in Milstead Supply Co. v. Casualty Ins., Co., 797 F.Supp. 569 (W.D. Tex. 1992) and Laurie National Railroad Passenger Corporation, Civ.A. 01-6145, 2001 WL 34377958 (E.D. Pa. Mar. 13, 2001).

In Milstead, the removing defendant inquired to determine whether a co-defendant had been served, but, at the time of inquiry, no return of service had been filed with the state court.  Subsequently, a return of service of process was filed slightly less than three (3) hours before filing of the notice of removal.

Lopez, 614 F.Supp.2d at 1088 (citing Milstead, 797 F.Supp. at 573).  The court in

Milstead held that joinder in or consent to the removal petition must be

accomplished by those defendants who have been served, and, whom the removing

defendants actually knew or should have known had been served.  Lopez, 614

F.Supp.2d at 1088 (citing Milstead, 797 F.Supp. at 573).  The court in Milstead

determined that the removing party was "reasonably diligent" in attempting to

ascertain whether the other defendant had been served by inquiring whether the

other defendant had been served by checking whether a return of service had been

filed.  Id.

        Similarly, in Laurie, defendant Amtrack removed the case without seeking

consent of the other defendants.  Lopez, 614 F.Supp.2d at 1088 (citing Laurie,

2001 WL 34377958, at * 1.  Prior to filing its notice of removal, Amtrack

consulted the state court docket, and because no proofs of service for the other

defendants had been filed, did not seek their consent.  Id., at *1. The proofs of

service for the other defendants were filed the day after Amtrak filed its notice of

removal, although the parties were served prior to the filing of the notice.

Plaintiffs sought remand because Amtrack did not obtain the written consent of the

other parties.  Id., at *1.  In denying plaintiffs' motion to remand, the court found

that Amtrak was "reasonably diligent" in the actions it took in consulting the state

court docket prior to filing its notice of removal.  Id., at *1.

In Lopez, Plaintiffs countered defendants BNSF and Amtrack's reliance on

Milstead and Laurie by arguing that BNSF and Amtrack could have called

plaintiffs' counsel to determine if other defendants had been served.  Id. at 1089.

In denying plaintiffs' motion to remand, the court in Lopez rejected plaintiffs'

argument, stating that "[c]ontrary to Plaintiff's argument, Defendants did not have

a duty to contact Plaintiffs' counsel to investigate whether the remaining

defendants were served with the complaint."  Lopez, 614 F.Supp.2d at 1089.

Further, the court in Lopez adopted the "reasonable" diligence standard of

Milstead and Laurie, and determined that defendants BNSF and Amtrack

"exercised such reasonable diligence by checking the Kern County Superior Court

docket to ascertain whether or not other named defendants had been served prior to

filing their notice of removal." Id.[5]

---

[5] See also AGI Pub., Inc. v. HR Staffing, Inc., No. 1:12-cv-00879-AWI-SKO, 2012 WL 3260519 (E.D. Ca. Aug. 8, 2012) (finding removing defendant HR did not act with "reasonable diligence" where (1) HR checked the online docket eight (8) days before filing the notice of removal, but did not check on the date of removal, (2) HR had actual knowledge seven (7) days before filing the notice of removal that another defendant had been served, and (2) HR failed to affirmatively allege and explain the absence of its co-defendants in the removal notice.  Unlike the facts of AGI, here, (1) Removing Defendants contemporaneously, i.e., on the date of removal, checked the online docket for the status of service on other defendants and found that no returns or proofs of service had been docketed, (2) Removing Defendants had no actual knowledge that another defendant had been served, and (3) Removing Defendants affirmatively explained the absence of HSBC Bank, Trustee, the only other defendant who did not join in the removal (and who had not entered an appearance in the action).  Under the facts of this case, AGI supports

Lopez, Milstead, and Laurie are instructive here where prior to removal, the Removing Parties exercised reasonable diligence to determine whether HSBC Bank, Trustee had been properly served and joined in the State Court Action. Despite the exercise of reasonable diligence, the Removing Parties acquired no actual or constructive knowledge that HSBC Bank, Trustee had indeed been properly served and joined.[6]  Under the circumstances, the Removing Parties were not required to obtain HSBC Bank, Trustee's consent to removal.

Notwithstanding the foregoing, because fewer than all defendants joined in removal, the Notice of Removal affirmatively explained the absence of HSBC Bank, Trustee, the non-joining defendants in the Notice of Removal pursuant to 28 U.S.C.§ 1446(a):

> Based upon a review of the public docket for the State Court Action accessed on Hoʻohiki on May [23], 2017,[7] no return of service as to HSBC has been filed.  Upon information and belief, it does not appear that HSBC has been served with the FAC.  As a result, HSBC's consent to removal is not required.

---

finding that Removing Defendants acted with "reasonable diligence" and that the Motion should be denied.

[6]  According to Plaintiffs, HSBC Bank, Trustee was served by Certified Mail on or about May 1, 2017.

[7] The Notice of Removal inadvertently stated May 24, 2017, not May 23, 2017. See Errata to Notice of Removal (Doc. 1), Doc. 2, which corrects this inadvertent typographical error.

ECF No. 1, Notice of Removal; ECF No. 2, Errata to Notice of Removal (explaining that the Notice of Removal filed on May 23, 2017 was inadvertently dated May 24, 2017).

To the extent the Motion relies on <u>US Bank Nat. Ass'n v. Taylor</u>, No. CV 15-00018 DKW-KSC, 2015 WL 1057119 (D. Haw. March 10, 2015) for the proposition that the Removing Defendants have not satisfied the unanimity rule, such reliance is misplaced. <u>See</u> Mot. at 4. In <u>Taylor</u>, removal was improper where (1) the removing defendant resides in Hawaii and, therefore, removal was in violation of the "forum defendant" rule codified in 28 U.S.C. § 1441(b); (2) the notice of removal failed to allege diversity jurisdiction; (3) the notice of removal failed to allege that the amount in controversy exceeded $75,000.00; (4) the notice of removal was untimely filed 103 days after removing defendant was served; (5) the removing defendant never obtained the other defendant's consent to removal; (6) and the notice of removal did not explain the absence of the other defendant's consent to removal. 2015 WL 1057119, at *3.

In stark contrast to the laundry list of defects in connection with removal in the <u>Taylor</u> case, here, removal is proper where (1) the Removing Defendants (and no other defendant) is a resident or citizen of Hawaii; (2) the notice of removal properly alleges diversity of jurisdiction; (3) the Notice of Removal alleges that the amount in controversy exceeded $75,000.00; (4) the Notice of Removal was timely

13

filed within thirty (30) days after service on the Removing Defendants;

(5) although not required, the Removing Defendants have obtained HSBC Bank, Trustee's timely consent to removal;[8] (6) and the Removing Defendants' Notice of Removal affirmatively explained the absence of HSBC Bank, Trustee's consent to removal.  Taylor is inapposite here.

### B.   HSBC Bank, Trustee's Consent Has Been Timely Given

As discussed previously, HSBC Bank, Trustee's consent to removal was not required where the Removing Parties had no actual or constructive knowledge that it had been properly served and joined in this action.  Even assuming *arguendo*, HSBC Bank, Trustee's consent to removal was required, it has been timely given pursuant to 28 U.S.C. § 1446(b)(2)(C).  Indeed, on July 12, 2017, HSBC Bank, Trustee filed its Consent to and Joinder in [ECF No. 1] Notice of Removal, filed on May 23, 2017, indicating that it gave its consent to removal to the Removing Parties on June 26, 2017.

The argument in the Motion that HSBC Bank, Trustee's consent is untimely if given more than thirty (30) days after the Removing Parties were served with the Complaint, which was June 6, 2017, fails because the applicable statute, 28 U.S.C.

---

[8]  In Taylor, the state court record indicated that the other defendant was served prior to removal.  In contrast, in this case, at the time of removal the public docket for the State Court Action did not indicate that a proof of service or return of summons as to HSBC Bank, Trustee had been filed.  As a result, HSBC Bank, Trustee's consent was not required.

§ 1446(b)(2)(C), does <u>not</u> impose a thirty (30) day time limit to consent.  Under 28

U.S.C. § 1446(b)(2)(C):

> If defendants are served at different times, and a later-served
> defendant files a notice of removal, any earlier-served defendant may
> consent to the removal even though that earlier-served defendant did
> not previously initiate or consent to removal.

Here, the Removing Parties are "later-served" defendants and HSBC Bank,

Trustee is an "earlier-served" defendant.  The plain language of 28 U.S.C.

§ 1446(b)(2)(C) does <u>not</u> impose a thirty (30) day time limit, unlike other

provisions in § 1446(b).

In <u>Couzens v. Donohue</u>, 854 F.3d 508 (8th Cir. 2017), the Eighth Circuit

Court of Appeals analyzed § 1446(b)(2)(C) and found that an earlier-served

defendant sufficiently consented to removal thirty one (31) days after the notice of

removal was filed (and one day after a motion to remand was filed).  The court in

<u>Couzens</u> explained that:

> The 2011 amendments to § 1446 that codified the rule of unanimity
> did not describe the form of or time frame for consent when multiple
> defendants are involved.  By comparison, § 1446 as amended lays out
> in detail the procedures for the notice of removal, including the form
> of the notice and the time frame for each defendant to file it in a
> multiple-defendant action. Congress could have defined with equal
> specificity the form of or time for consent but chose not to do so.  Its
> failure to do so dissuades us from adopting a rule that places form
> over substance.

<u>Couzens</u>, 854 F.3d at 514 (quoting <u>Griffioen v. Cedar Rapids & Iowa City Ry. Co.</u>,

785 F.3d 1182, 1187 (8th Cir. 2015)).  The court in <u>Couzens</u> declined to apply the

unanimity rule in a "hypertechnical and unreaslistic manner," and held that the earlier-served defendant sufficiently consented to removal. <u>Couzens</u>, 854 F.3d at 515 (quoting <u>Griffioen</u>, 785 F.3d at 1187)).

Similarly, in <u>Gaynor v. Miller</u>, 205 F. Supp. 3d 935 (E.D. Tenn. 2016), the Court held that earlier-served defendants consent to removal does not need to be filed within thirty (30) days under the plain language of § 1446(b)(2)(C), and that the plain language of §1446(b)(2)(c) did <u>not</u> establish any specific time limit for such consent to be given. The Court explained:

> Upon review of 28 U.S.C. § 1446 and the relevant case law, the Court finds that defendants did not violate the rule of unanimity in removing this action. There may be some disagreement among courts as to whether the 2011 amendments codified the <u>Loftis</u> requirement that earlier-served defendants must consent to removal within thirty days of removal. **This Court finds, however, that the plain reading of § 1446(b)(2)(C) does not require such consent to be filed within thirty days, unlike other provisions in § 1446(b).** <u>See</u>, <u>e.g.</u>, 28 U.S.C. § 1446(b)(2)(B) (requiring defendants to file a notice of removal within thirty days of receiving service of the initial pleading or summons); <u>see also</u> <u>Griffioen v. Cedar Rapids & Iowa City Ry. Co.</u>, 785 F.3d 1182, 1187 (8th Cir. 2015) (noting that the 2011 amendments to § 1446 "did not describe the form of or time frame for consent when multiple defendants are involved" unlike the detailed procedures for notice of removal). Thus, while the 2011 amendments codified the unanimity rule from *Loftis*, this Court finds they did not codify the requirement that earlier-served defendants must consent to removal within thirty days of removal.

<u>Gaynor</u>, 205 F.Supp.3d at 940-41 (emphasis added, footnote omitted).

Consistent with those cases in other jurisdictions holding that the plain language of § 1446(b)(2)(C) does <u>not</u> impose a thirty (30) day time limit, this

Court has held that the failure to obtain all defendants' joinder or consent is a procedural defect that can be cured prior to the entry of judgment.  In <u>Hyland v. Office of Hous. & Cmty. Dev.</u>, No. CV 15-00504 LEK-RLP, 2016 WL 899237, at *2 (D. Haw. Mar. 8, 2016), plaintiff filed a motion to remand, arguing that the removing defendants' notice of removal did not include the consent and joinder of other earlier-served defendants.

The removing defendants filed an opposition to the motion to remand, and the earlier-served defendants joined the removing defendants' opposition to the motion to remand and confirmed in its joinder that it consented to the removal. <u>Hyland</u>, 2016 WL 899237, at *2.[9]  Although 28 U.S.C.§ 1446(b)(2)(A) generally requires the joinder or consent of all properly joined and served defendants in removal, this Court in <u>Hyland</u> explained that:

> **[T]he failure to obtain all defendants' joinder or consent is a procedural defect that can be cured prior to the entry of judgment**.  See <u>Destfino v. Reiswig</u>, 630 F.3d 952, 956-57 (9th Cir. 2011) ("If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." (citing <u>Soliman v. Philip Morris Inc.</u>, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand

---

[9]  Although plaintiff's motion to remand was filed after thirty (30) days from the filing of the notice of removal, the Court in <u>Hyland</u> did not deny the motion to remand based on any finding that plaintiff had waived his objection regarding the unanimity rule.  <u>Hyland</u>, 2016 WL 899237, at *1-2.  Instead, the Court expressly considered and properly rejected plaintiff's argument regarding the alleged unanimity defect.

of the matter to state court." (alteration in original and internal quotation marks omitted))).

Hyland, 2016 WL 899237, at *2 (emphasis added).

In Hyland, the earlier-served defendant's joinder in the opposition to the motion is also a joinder in the Notice of Removal, and confirmed the earlier-served defendant's consent to removal. Thus, even assuming, *arguendo*, that the removal was defective because the removing defendants failed to obtain either the joinder or consent of the earlier-served defendants, the removing defendants have cured that defect. Consequently, to the extent that the motion for remand asked the Court to remand the instant case based on the alleged unanimity defect, the Court denied the motion for remand. Hyland, 2016 WL 899237, at *2.

Based on this Court's decision in Hyland, even assuming HSBC Bank, Trustee's consent to removal was required, it has been timely given. See Couzens, 854 F.3d at 514; see also Gaynor, 205 F.Supp.3d at 940-41; see also Hyland, 2016 WL 899237, at *2. Under the circumstances, therefore, the Motion should be denied.

The cases cited in the Motion are inapposite. In Pioneer Asset Inv. Ltd. v. Arlie & Co., CV 15-00387 ACK-KSC, 2015 WL 9665667 (D. Haw. Dec. 14, 2015) and Pierce v. Kaiser Found. Hosps., No. 14-cv-157-H (BGS), 2014 WL 1096221 (S.D. Cal. Mar. 19, 2014), the earlier-served defendant filed the notice of removal, and as such, 28 U.S.C. § 1446(b)(2)(C) was inapplicable in those cases.

18

In contrast to Pioneer and Pierce, the Removing Defendants are later-served

defendants and, as such, 28 U.S.C. § 1446(b)(2)(C) expressly allowed HSBC

Bank, Trustee to consent to removal.

### C.   Plaintiffs Fail to Allege or Establish Prejudice

Even assuming *arguendo*, HSBC Bank, Trustee's consent was required and

is somehow deemed untimely, Plaintiffs have neither claimed nor presented any

evidence of prejudice to receiving HSBC Bank, Trustee's consent on June 26,

2017.   While this Court has not had occasion to address this issue, other courts

have also denied motions to remand where plaintiffs fail to allege or establish

prejudice.   In Gaynor, the court held that earlier-served defendants consent to

removal does not need to be filed within thirty (30) days of removal, and that *even*

*if* earlier-served defendants were required to give consent within thirty (30) days of

removal, the plaintiffs in Gaynor "have neither claimed nor presented any evidence

of prejudice to receiving consent to removal eight days past this deadline."

Gaynor, 205 F.Supp.3d at 941 (citation omitted).

Similarly, in Lewis v. Almeida, No. 3:13-CV-675-TAV-CCS, 2014 WL

2718899, at *3 (E.D. Tenn. June 16, 2014), the court held that "[t]o the extent

plaintiffs argue that several of the defendants' consents to removal were untimely

filed, the Court does not find this to be adequate grounds to remand the case, as

plaintiffs have neither claimed nor presented any evidence of prejudice."   See

19

<u>Baker v. JP Morgan Chase Bank, N.A.</u>, Civil No. 3:12-1222, 2013 WL 5331136, at *3 (M.D. Tenn. Sept. 23, 2013) (finding argument that removal was defective absence consent from all parties was "meritless" where plaintiff had not shown prejudice).

Here, the Motion does not allege or establish any resulting prejudice from the alleged lack of timely consent.  In fact, Plaintiffs may have even benefited from removal to this Court where Plaintiffs and the Removing Parties have already conducted their FRCP Rule 16 planning meeting and provided their initial disclosures required under FRCP Rule 26.  There is no parallel process for such disclosures in the State Court.

In addition, Plaintiffs are residents and citizens of California (not Hawaii or the island of Kauai where this lawsuit was initiated).  ECF No.1, FAC at ¶ 3. Consequently, removal should not increase costs or require unduly burdensome travel (not that cost alone would be a reason not to allow removal).  In fact, removal to this Court located on the island where Plaintiffs' counsel is located may actually save Plaintiffs' costs and travel expenses.  For the additional reason that the Motion does not allege or establish prejudice, the Motion should be denied.

### D.   <u>Remand Would Not Promote the Purpose of the Unanimity Rule</u>

The purpose of the unanimity rule is to prevent defendants from gaining an unfair tactical advantage by splitting lawsuits and requiring a plaintiff to litigate in

two (2) courts simultaneously, thereby also eliminating the risk of inconsistent state and federal adjudications.  See Sansone v. Morton Machine Works, Inc., 188 F.Supp.2d 182 (D.R.I. 2002) (citing Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988)).

Here, the Motion does not allege or establish that Plaintiffs would be required to litigate in two (2) courts simultaneously.  In contrast, notwithstanding that HSBC Bank, Trustee's consent was not required because the Removing Parties lacked actual or constructive notice that HSBC Bank, Trustee had actually been properly served and joined HSBC Bank, HSBC Bank, Trustee has timely given its consent to removal.

There are no other allegations that removal would undermine the purpose of the unanimity rule.  Where Plaintiffs have failed to allege or establish prejudice, remand would not serve the purposes of the unanimity rule.  In fact, sending the case back to State Court would improperly elevate form over function.  For this additional reason, the Motion should be denied.

## IV.     **CONCLUSION**

Based on the foregoing, the Removing Parties respectfully request that the Motion be denied on the basis that HSBC Bank, Trustee's consent to removal was not required and/or even if it was required, it has been timely given, and remand is not appropriate under the circumstances, including where Plaintiffs have failed to

allege or establish prejudice and remand would not promote the purpose of the

unanimity rule.

DATED:  Honolulu, Hawaii, July 31, 2017.

/s/ Summer H. Kaiawe
MICHAEL C. BIRD
SUMMER H. KAIAWE
Attorneys for Defendants
**HSBC BANK USA, N.A.,
MICHAEL JAMES MARTIN, AND
COLLEEN ANN JERGENS**