IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PAUL W. LEWIS; CONNIE K. LEWIS,

        Plaintiffs,

    vs.

HSBC BANK USA, N.A.; MICHAEL JAMES MARTIN; COLLEEN ANN JERGENS; WELLS FARGO BANK, N.A.; DOE DEFENDANTS 1-50,

        Defendants.

CIVIL NO. 17-00234 DKW-KSC

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND

## FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND

Before the Court is Plaintiffs Paul and Connie Lewis' (collectively "Plaintiffs") Motion for an Order of Remand, filed June 22, 2017. Defendants Wells Fargo Bank N.A. ("Wells Fargo"), Michael James Martin ("Martin"), and Colleen Ann Jergens ("Jergens") (collectively "Removing Defendants") filed an Opposition on July 31, 2017, which Defendant HSBC Bank USA, N.A. ("HSBC")[1] joined. On August 7, 2017, Plaintiffs filed a Reply.

This matter came on for hearing on August 21, 2017. John Perkin, Esq., appeared on behalf of Plaintiffs; Summer Kaiawe, Esq., and Michael Bird, Esq., appeared on behalf of Removing Defendants; and Blaine Rogers, Esq., appeared on behalf of HSBC. After careful consideration of the parties'

---

[1] The Court refers to Removing Defendants and HSBC collectively as "Defendants".

submissions, the record, the applicable law, and the arguments of counsel, the Court HEREBY RECOMMENDS that Plaintiffs' Motion be GRANTED for the reasons set forth below.

BACKGROUND

On February 8, 2017, Plaintiffs commenced this action against Defendants in the Circuit Court of the Fifth Circuit, State of Hawaii. Plaintiffs filed a First Amended Complaint ("FAC") on February 15, 2017.

Wells Fargo was served with the FAC on April 27, 2017. Martin and Jergens were served on May 7, 2017.

On May 23, 2017, Defendants removed the action on the basis of diversity jurisdiction. Notice of Removal ("Notice") at ¶ 10. Included in the Notice was the following averment:

> Based upon a review of the public docket for the State Court Action accessed on Hoʻohiki on May 24, 2017,[2] no return of service as to HSBC has been filed. Upon information and belief, it does not appear that HSBC has been served with the FAC. As a result, HSBC's consent to removal is not required.

Id. at ¶ 8.

On June 22, 2017, Plaintiffs filed the instant Motion.

On July 12, 2017, HSBC filed a Consent and Joinder in the Notice. In the Consent and Joinder, HSBC represented that its counsel informed removing defense counsel on June 26, 2017

---

[2] Defendants filed an Errata correcting this date to May 23, 2017.

2

that it consented to removal of the action.

DISCUSSION

Plaintiffs seek remand of this action to state court. They argue that the Notice is defective because HSBC failed to timely consent to and join in the removal, and the time for doing so has expired. Removing Defendants respond that HSBC's consent was not required because they were unaware that HSBC had been served when they removed this action, and that consent was timely given subsequent to removal. In addition, Removing Defendants contend that even if HSBC's consent was untimely, Plaintiffs have failed to establish prejudice.[3]

I. Removal Was Procedurally Defective

Removing Defendants removed the instant case on the basis of diversity of citizenship. Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC

_____

[3] Demonstration of prejudice is not a factor in the Court's inquiry under governing law. Removing Defendants, not Plaintiffs, bear the burden of establishing the propriety of removal.

Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting

Luther v. Countrywide Home Loans Serv. LP, 533 F.3d 1031, 1034

(9th Cir.2008)); Durham v. Lockheed Martin Corp., 445 F.3d 1247,

1252 (9th Cir. 2006); California ex rel. Lockyer v. Dynegy, Inc.,

375 F.3d 831, 838 (9th Cir. 2004).

There is a strong presumption against removal

jurisdiction, which "means that the defendant always has the

burden of establishing that removal is proper,' and that the

court resolves all ambiguity in favor of remand to state court."

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)

(quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

(per curiam)); California ex rel. Lockyer, 375 F.3d at 838

("[T]he burden of establishing federal jurisdiction falls to the

party invoking the statute."); Durham, 445 F.3d at 1252 (Courts

resolve any doubts about the propriety of removal in favor of

remanding the case to state court). Courts should presume that a

case lies outside the limited jurisdiction of the federal courts.

Hunter, 582 F.3d at 1042.[4]

Known as the rule of unanimity, 28 U.S.C.

§ 1446(b)(2)(A) requires "all defendants who have been properly

joined and served [to] join in or consent to the removal of the

action." 28 U.S.C. § 1446(b)(2)(A); Destfino v. Reiswig, 630

---

[4] Removing Defendants have completely disregarded this
legal standard in their briefing.

4

F.3d 952, 956 (9th Cir. 2011) (citations omitted); <u>Proctor v.</u>
<u>Vishay Intertechnology Inc.</u>, 584 F.3d 1208, 1224 (9th Cir. 2009)
("In a case involving multiple defendants, '[a]ll defendants must
join in a removal petition.'") (citation omitted) (alteration in
original).  Excepted from this rule are nominal, fraudulently
joined or unknown defendants, <u>Emrich v. Touche Ross & Co.</u>, 846
F.2d 1190, 1193 n.1 (9th Cir. 1988); <u>Abrego</u>, 443 F.3d at 680
(citation omitted), and defendants that have not been properly
served in the state court action.  <u>Salveson v. Western States</u>
<u>Bankcard Ass'n</u>, 731 F.2d 1423, 1429 (9th Cir. 1984), <u>overruled on</u>
<u>other grounds by</u> <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389
(9th Cir. 1988).  A defendant's failure to join is fatal under
§ 1446.  <u>See</u> <u>Pressman v. Meridian Mortgage Co.</u>, 334 F. Supp. 2d
1236, 1240-41 (D. Haw. 2004) (citing <u>Hewitt v. City of Stanton</u>,
798 F.2d 1230, 1232-33 (9th Cir. 1986)); <u>Prize Frize, Inc. v.</u>
<u>Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999),
<u>overruled on other grounds by</u> <u>Abrego</u>, 443 F.3d at 670 ("[T]he
failure to adhere to the unanimity rule is dispositive.").

    If fewer than all defendants join in removal, the
removing party has the burden, under § 1446(a), of affirmatively
explaining the absence of the non-joining defendant(s) in the
notice of removal.  <u>Prize Frize</u>, 167 F.3d at 1266 (finding the
removal notice insufficient where it stated that the defendants
believed that many, rather than all, of the non-consenting

defendants were not properly served).  Insofar as HSBC was served
on May 1, 2017, removing Defendants were required to obtain
HSBC's consent prior to removing the action, and their failure to
do so renders the Notice defective.

A. <u>Removing Defendants Failed to Obtain HSBC's Consent or
Joinder in the Notice</u>

Removing Defendants argue that they were not required
to obtain HSBC's consent because it was not a "[k]nown [p]roperly
[s]erved and [j]oined [d]efendant at the [t]ime of [r]emoval,"
Opp'n at 7, as no proof of service was posted on Ho'ohiki at the
time of removal.  <u>Id.</u>, Decl. of Summer H. Kaiawe ("Kaiawe
Decl."), Ex. A (reflecting no proof of service for HSBC in the
case document list on May 23, 2017).  They further contend that
they were reasonably diligent in their effort to ascertain
whether HSBC had been served, and in any event, that they
properly explained HSBC's absence in the Notice.  Presently at
issue is not whether they explained HSBC's absence, but whether,
prior to removal, they exercised reasonable diligence in
attempting to ascertain the status of service upon HSBC.

1. <u>Removing Defendants Failed to Exercise Reasonable
Diligence</u>

To support their assertion of diligence, Removing
Defendants submit that 1) they reviewed Ho'ohiki on May 23, 2017,
prior to filing the Notice, and no proofs of service were on the
document list and 2) on May 17, 2017, they contacted David Rosen,

6

Esq., who represented HSBC in another action, but Mr. Rosen was unaware of this action.[5]  After considering the record before it, the Court is unpersuaded that Removing Defendants' efforts constitute reasonable diligence in this case.

Conflicting authority exists regarding the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed.  However, many courts require the consent of served co-defendants, regardless of the filing of proofs of service, and they find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants. See, e.g., Barbera v. WMC Mortg. Corp., No. C 08-02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar. 18, 2009) ("[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party."); Career Network, Inc. v. Wot Servs., Ltd., No.6:10-CV-1826-ORL-31, 2011 WL 397906, at *2 (M.D. Fla. Feb. 3, 2011) (holding that because service was effected prior to removal, a co-defendant's consent to the removal was required even though the proofs of service were not filed prior to removal); AGI Pub., Inc. v. HR Staffing, Inc., No. 1:12-CV-00879-AWI, 2012 WL

---

[5]  Removing Defendants included this second showing of "diligence" in the procedural history section of their Opposition, but they primarily rely on their review of the Ho'ohiki record.

3260519, at *6 (E.D. Cal. Aug. 8, 2012) (finding a lack of diligence sufficient to excuse the removing defendant's failure to join its co-defendants where the removing defendant 1) had knowledge that one defendant had been served prior to removal and 2) checked the docket once, eight days prior to removal, but did not recheck or consult the state court clerk's office);[6] <u>Orozco v. EquiFirst Corp.</u>, No. CVC08-8064PA(CWX), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient."); <u>Pianovski v. Laurel Motors, Inc.</u>, 924 F. Supp. 86, 87 (N.D. Ill. 1996) (deeming insufficient the removing defendant's phone call to the clerk and instruction to a docketing employee and explaining that the removing defendant should have taken the further step of attempting to contact the co-defendant to determine whether it had been served); <u>Sasser v. Florida Pond Trucking, LLC</u>, No. 1:16-CV-252-WKW-PWG, 2016 WL 3774125, at *6 (M.D. Ala. June 24, 2016), <u>report and recommendation adopted</u>, 2016 WL 3769754 (M.D. Ala. July 14, 2016) (concluding that the removing defendant's due diligence requires more than a mere check of state court records to see if proofs of

---

[6] Removing Defendants believe this case supports a finding that they acted with reasonable diligence. The Court disagrees. Checking Ho'ohiki once on the day of removal, without additional efforts such as consulting the Fifth Circuit Court Clerk's office, does not compel a different outcome than in <u>AGI</u>.

service have been filed as to co-defendants); <u>Beltran v.</u>
<u>Monterey Cty.</u>, No. C 08-05194 JW, 2009 WL 585880, at *3 (N.D.
Cal. Mar. 6, 2009) (finding a lack of due diligence where the
removing defendant called the court clerk to determine if proofs
of service had been filed as to co-defendants, was informed that
no proof of service had been filed for certain co-defendants, but
took no further steps to ascertain whether those co-defendants
had been served); <u>Parker v. Johnny Tart Enters., Inc.</u>, 104 F.
Supp. 2d 581, 585 (M.D.N.C. 1999) (rejecting the removing
defendants' "reliance on their search for and the absence of a
return of service for Defendant Blackstock in the state court
records prior to the filing of Defendants' notice of removal" and
finding that "there is no authority within the Fourth Circuit
supporting the creation or application of an equitable exception
to the thirty-day time limit of 28 U.S.C. § 1446(b) based on
'exceptional circumstances.'").

Other courts allow removing defendants to rely on the
state court docket for filed proofs of services. <u>See</u>, <u>e.g.</u>,
<u>Lopez v. BNSF Ry. Co.</u>, 614 F. Supp. 2d 1084, 1089 (E.D. Cal.
2007) (reasonable diligence found where the removing defendants
checked the state court docket to ascertain whether co-defendants
had been served prior to removal and concluding that the removing
defendants did not have a duty to contact the plaintiffs' counsel
to investigate whether service had been effected upon co-

defendants); <u>Laurie v. Nat'l R.R. Passenger Corp.</u>, No. CIV.A. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) ("[T]he better rule is that is that a defendant is required to obtain consent only from those codefendants who it knew or should have known" had been served, in the exercise of reasonable diligence – i.e. repeatedly checking the docket, calling the office on more than one occasion to determine whether a proof of service had been filed); <u>Milstead Supply Co. v. Cas. Ins. Co.</u>, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (finding "that the exceptional circumstances of this case justify the following holding[:] . . . joinder in or consent to the removal petition must be accomplished by only those defendants:  (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served.  The second requirement encompasses the served defendants whom the removing defendant(s) actually knew had been served.  This requirement also mandates that the removing defendant(s) obtain the consent or joinder of the other defendant(s) whom the removing defendant(s) should have been aware of because of the constructive notice of the filing of the return of service in the state court.  The constructive notice element should only be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants.").

Removing Defendants rely on the foregoing three cases, all of which have applied a lack of constructive notice exception to the rule of unanimity. <u>Williams v. Int'l Gun-A-Rama</u>, 416 Fed. Appx. 97, 99 (2d Cir. 2011) (noting that <u>Milstead Supply Co. v. Casualty Insurance Co.</u> "carved out an exception to the general rule that co-defendants must consent to removal," and identifying <u>Lopez v. BNSF Ry. Co.</u> and <u>Laurie v. Nat'l R.R. Passenger Corp.</u> as cases applying the exception). The Court finds these cases to be inapplicable and/or unpersuasive, but even if they were controlling authority, they are distinguishable.

The <u>Lopez</u> court found that the removing defendants "exercised reasonable diligence by checking the Kern County Superior Court docket to ascertain whether or not other named defendants had been served prior to filing their notice of removal." <u>Lopez</u>, 614 F. Supp. 2d. at 1089. However, the removing defendants in <u>Lopez</u> also contacted legal counsel for Kern County, who was unaware of any service on the county. <u>Id.</u> Finally, the plaintiffs did not file proofs of service until the day the notice of removal was filed. <u>Id.</u> In distinguishing a case cited by the plaintiffs, <u>Pianovski v. Laurel Motors, Inc.</u>, the court noted that there was no showing that the court clerk's office experienced delays accounted for in <u>Pianovski</u>.[7] <u>Id.</u> at

---

[7]   In <u>Pianovski</u>, it took three days for the state court clerk to enter a file-stamped document in the computer and five weeks to place it in the court filed. <u>Pianovski</u>, 924 F. Supp. at

11

1089.  Here, Removing Defendants did not contact HSBC or counsel

for HSBC; the proof of service was filed the day prior to

removal; and there was a delay between the filing of the proof of

service and docketing on Ho'ohiki.[8]

In _Laurie_, the removing defendant not only checked the

docket repeatedly, but also "called the Office of Prothonotary on

more than one occasion to learn whether a proof of service had

been filed but not yet docketed." _Laurie_, 2001 WL 34377958, at

*1.  These actions, taken together, demonstrated reasonable

diligence.  _Id._  Removing Defendants could not satisfy _Laurie's_

reasonable diligence standard with their single check of Ho'ohiki

and communication with Mr. Rosen, who has no affiliation with

this case.

_Milstead_ was decided in 1992, during which the Fifth

Circuit applied the first-served defendant rule[9] and recognized

"that 'exceptional circumstances' might permit removal even when

a later-joined defendant petitions for removal more than 30 days

after the first defendant was served." _Milstead_, 797 F. Supp. at

572 (citing _Brown v. Demco, Inc._, 792 F.2d 478, 482 (5th Cir.

_____

87.

[8]  Because of this delay, it was incumbent upon Removing
Defendants to take additional steps to discover whether HSBC was
served.

[9]  Pursuant to a 2011 amendment to 28 U.S.C. § 1446,
Congress adopted the last-served defendant rule.

1986)).  Not only is the rationale behind the Milstead court's decision now inapplicable, factually, the "exceptional circumstances" existing there are not presented here.

In Milstead, the return of service for the co-defendant was filed approximately three hours prior to the notice of removal on the last day removal could be effected under the removal statute.  Id. at 570, 573.  Plaintiffs in this case filed the proof of service re: HSBC more than 24 hours prior to removal and Removing Defendants filed the Notice approximately two weeks before the removal deadline.  As a result, Removing Defendants were not confronted with the exigency facing the removing defendant in Milstead.

a.    Reasonable Diligence Requires More Than
Reference to the State Court Docket

This Court finds persuasive the line of district court cases requiring greater efforts than reference to the state court docket to establish diligence, and declines to adopt the lack of constructive notice exception to the unanimity rule urged by Removing Defendants.  Section 1446(b)(2)(A) plainly requires the consent of defendants who have been "properly joined and served."  Contrary to Removing Defendants' contentions, there is no qualification that § 1446(b)(2)(A)'s requirement is only triggered once a proof of service is posted on the electronic docket.  Indeed, docketing of service-related documents, though informative to defendants seeking removal, has no bearing on

13

whether a co-defendant has actually been served.  Thus, Removing

Defendants' reliance on Hoʻohiki as their exclusive source of

information regarding effectuation of service contravenes

statutory authority and case law.  The Court declines to conclude

that Removing Defendants could only be charged with knowledge of

HSBC's service upon the docketing of the proof of service on

Hoʻohiki.

Establishing such a standard would undermine

§ 1446(b)(2)(A), as the need to obtain the consent of co-

defendants would turn on the docketing of service-related

documents, not actual service upon defendants.  Further

complicating matters when relying on electronic dockets to obtain

requisite knowledge is the delay that can occur between filing

and docketing.  Here, for example, the proof of service re: HSBC

was filed at 12:14 p.m. on May 22, 2017, Mot., Decl. of James J.

Bickerton, Ex. B,[10] but had yet to appear on Hoʻohiki as of June

6, 2017.[11]  Opp'n, Kaiawe Decl. at ¶ 11.  The Court therefore

finds unavailing Removing Defendants' contention that the absence

of a proof of service as to HSBC on Hoʻohiki evidenced a lack of

service and relieved them of their obligation to obtain HSBC's

---

[10]  The filed date and time are also reflected on Hoʻohiki:
http://hoohiki.courts.hawaii.gov/#/case?caseId =5CC171000024
(last visited Aug. 23, 2017).

[11]  None of the parties provided information about when the
proof of service was ultimately posted on Hoʻohiki.

consent in the removal.

Removing Defendants' limited efforts to ascertain whether HSBC was served do not constitute "reasonable diligence". From the time they were retained to represent Removing Defendants on May 16, 2017 until removal on May 23, 2017, Removing Defendants' counsel made only two attempts to find out if HSBC was served. Removing Defendants could have called the Fifth Circuit Court Clerk's office on Kauai to ask if any proofs of service had been filed.[12] Their sole reliance on Hoʻohiki is questionable, inasmuch as they themselves had been served yet no proofs of service regarding service upon them had been docketed on Hoʻohiki as of May 23, 2017.[13] The Court believes that a showing of reasonable diligence requires efforts beyond merely checking Hoʻohiki for proofs of service, as the timing in this case demonstrates the shortcoming of relying exclusively on an electronic docket that may not be updated with sufficient frequency to accurately reflect the current state of the

_____

[12] The Court recognizes that where, as here, the state court is located a neighbor island, reasonable diligence would not require that counsel make an inquiry in person at the clerk's office of the respective court. If the First Circuit Court were the relevant court, however, and counsel is located on Oahu, a showing of diligence might require a personal visit to the clerk's office if other modes of inquiry are unsuccessful.

[13] The Court lacks knowledge about the time it takes for filed documents to be posted on Hoʻohiki, and none of the parties' attorneys could provide information regarding the same.

pleadings/filings.  Accordingly, Removing Defendants'
consultation of Hoʻohiki, without more, does not demonstrate
reasonable diligence.

Neither does Removing Defendants' counsel's
communication with Mr. Rosen establish diligence.  He was not
counsel of record, he knew nothing about this case, and the fact
that he previously represented HSBC in a different action does
not make him a source of information in this action.  Despite the
fact that this May 17, 2017 inquiry yielded no information
concerning service upon HSBC, Removing Defendants did not take
any additional steps, aside from viewing Hoʻohiki <u>once</u>, to
ascertain whether Plaintiffs served HSBC.  This is somewhat
troubling in view of § 1446(a)'s provision concerning compliance
with Federal Rule of Civil Procedure ("FRCP") 11:

> A defendant or defendants desiring to remove any
> civil action from a State court shall file in the
> district court of the United States for the
> district and division within which such action is
> pending a notice of removal signed pursuant to
> Rule 11 of the Federal Rules of Civil Procedure
> and containing a short and plain statement of the
> grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such
> defendant or defendants in such action.

28 U.S.C. § 1446(a).  FRCP 11(b) in turn provides that:

> By presenting to the court a pleading, written
> motion, or other paper . . . an attorney . . .
> certifies that to the best of the person's
> knowledge, information, and belief, formed after
> an inquiry reasonable under the circumstances: . .
> . (3) the factual contentions have evidentiary
> support or, if specifically so identified, will

16

likely have evidentiary support after a reasonable
opportunity for further investigation or
discovery.

Fed. R. Civ. P. 11(b); <u>Proctor</u>, 584 F.3d at 1225 (quoting

§ 1446(a) and FRCP 11(a) & (b)'s requirements).  Viewing the

record before it, Removing Defendants' averment that HSBC did not

appear to have been served lacked adequate evidentiary support

and the evidence in fact contradicts this representation.

Given the circumstances here, communication with

Plaintiffs' counsel concerning service upon HSBC would have

probably prevented the issues that are the subject of this

Motion.[14]  The Court does not suggest that Removing Defendants

were duty-bound to consult Plaintiffs' counsel, nor that such

communications would be fruitful in all cases.  But if Removing

Defendants made further inquiries with Plaintiffs' counsel or

HSBC, even as late as May 23, 2017, they likely would have

learned that HSBC was served on May 1, 2017, and that the proof

of service was filed one day prior.  Even if these inquiries

proved unsuccessful, they would have factored favorably into the

"reasonable diligence" analysis.

Curiously, Removing Defendants elected to remove the

action well in advance of their June 6, 2017 deadline to do so.[15]

---

[14]  Removing Defendants could have also consulted HSBC
directly.

[15]  The Court discusses timing in greater detail below.

17

At the hearing, Removing Defendants' counsel explained that the case was expeditiously removed to facilitate the orderly progression of the same. However, the desire to move the case along for the sake of filing a responsive pleading undermines any claim of diligence because the rush to remove came at the expense of satisfying statutory procedural requirements. Had Removing Defendants utilized the remainder of their removal window, further inquiries and diligence would probably have revealed that HSBC was served and they could have taken necessary steps to obtain HSBC's consent to removal.

Based on the foregoing analysis, the Court finds that Removing Defendants were not reasonably diligent in ascertaining whether HSBC was served prior to the removal of this action.[16] Because HSBC was served prior to removal, Removing Defendants were required to obtain HSBC's consent to removal. Their failure to do so renders the Notice defective and removal was therefore improper.

---

[16]  Removing Defendants attempt to distinguish this case from US Bank Nat'l Ass'n v. Taylor, CV 15-00018 DKW-KSC, 2015 WL 1057119 (D. Haw. March 10, 2015), noting the absence of the multitude of defects presented in that case. Multiple bases for remand existed in Taylor, but the removing defendant's failure to obtain the consent of her served co-defendant, standing alone, would have compelled remand. Id. at *3. The legal standard governing the consent of served co-defendants is fully applicable here. Id. Removing Defendants focus on the presence of a proof of service on the docket in Taylor, but for the reasons discussed above, this distinction is immaterial. HSBC was served prior to removal and Removing Defendants did not exercise reasonable diligence to discover this critical fact.

II.  HSBC's Post-Removal Consent and Joinder is Untimely

        Removing Defendants alternatively argue that HSBC

timely consented pursuant to § 1446(b)(2)(C) because this

provision does not impose a 30-day time limit to consent.  The

Court disagrees.

    A.    Section 1446(b)(2)(C) Does not Provide an Open-Ended
          Opportunity to Consent to Removal

        Generally, a later-served defendant has a right of

removal separate from that of an earlier-served defendant.  28

U.S.C. § 1446(b)(2); see also Destfino, 630 F.3d at 955-56

(adopting the later-served defendant rule shortly before its

codification in 2011, which provides that "each defendant is

entitled to thirty days to exercise his removal rights after

being served").  Under § 1446(b)(2)(B), "[e]ach defendant shall

have 30 days after receipt by or service on that defendant of the

initial pleading or summons described in [1446(b)(1)] to file the

notice of removal."  28 U.S.C. § 1446(b)(2)(B).  Section

1446(b)(2)(C) authorizes an earlier-served defendant to consent

to the notice of removal of a later-served defendant "even though

that earlier-served defendant did not previously initiate or

consent to removal."  28 U.S.C. § 1446(b)(2)(C).

        Relying exclusively on out-of-district/circuit

cases,[17] Removing Defendants posit that because they are later-

_____

        [17]  The Court finds it unnecessary to discuss these cases
because they are neither binding nor persuasive and arguably

19

served Defendants, HSBC, as the earlier-served Defendant, is not subject to a 30-day limitation to consent. This argument is without merit for multiple reasons. First, Removing Defendants consist of Wells Fargo, Martin, and Jergens, and Wells Fargo was the first-served Defendant. Second, even if Removing Defendants were all served after HSBC, this would not exempt HSBC from the strictures of § 1446.

Section 1446(b)(2)(C) merely permits an earlier-served defendant to consent to a later-served defendant's removal; it does not provide an open-ended opportunity to consent to removal at any time during the course of a case. <u>Zambrano v. New Mexico Corr. Dep't</u>, No. 17-CV-459 WJ-KBM, 2017 WL 2628920, at *6 (D.N.M. June 1, 2017) ("[T]here is no provision in § 1446(b)(2)(C) that states a defendant may consent to a removal at any time after the notice of removal is filed, and Defendants have not directed the Court to any case law standing for the proposition that

---

conflict with Ninth Circuit law. It is noteworthy that they do not stand for the proposition that § 1446(b)(2)(C) provides an open-ended deadline to consent. <u>See</u>, <u>e.g.</u>, <u>Couzens v. Donohue</u>, 854 F.3d 508, 515 (8th Cir. 2017) (declining to specify a time limit to consent to removal § 1446(b)(2)(C), but finding sufficient a consent filed 31 days after the filing of the notice of removal and noting that the consenting party later submitted an affidavit that the removing defendants had obtained its consent prior to removal); <u>Gaynor v. Miller</u>, 205 F. Supp. 3d 935, 941 (E.D. Tenn. 2016) (finding that 2011 amendments to § 1446 "did not codify the requirement that earlier-served defendants must consent to removal within thirty days of removal").

§ 1446(b)(2)(C) authorizes a defendant to consent to removal at any time when the defendant has not complied with the thirty-day deadline contained in § 1446(b)(2)(B)."). While § 1446(b)(2)(C) does not include a time limit for earlier-served defendants to consent to removals, the 30-day limitations found in other subsections of § 1446 are instructive, particularly in view of Ninth Circuit precedent and the strict procedural requirements associated with removal. Alston v. Wells Fargo Bank, Nat'l Ass'n, No. CV TDC-17-1085, 2017 WL 2839629, at *2 (D. Md. June 29, 2017) ("Section 1446(b)(2)(C), however, does not explicitly impose a timing requirement for obtaining the consent of co-defendants to remove. LPS reads this omission as implying an open-ended deadline for satisfying the unanimity requirement. But this reading chafes against the language in the broader statute, which suggests that the deadlines to remove and to secure consent are the same."). In adopting the later-served defendant rule, now codified in § 1446(b)(2)(B), the Ninth Circuit explained that the "rule doesn't go so far as to give already-served defendants a new thirty-day period to remove whenever a new defendant is served, as that could give a defendant more than the statutorily prescribed thirty days to remove." Destfino, 630 F.3d at 956 (concluding that a later-served defendant timely removed because it did so within 30 days from when it was served).

Defects in removal notices may be cured within the 30-day period permitted for joinder.  Prize Frize, 167 F.3d at 1266. The failure to timely join all defendants is grounds for remand. Id.  Plaintiffs argue that HSBC was required to consent to removal by June 6, 2017, while Removing Defendants respond that no time limitation exists.

Section 1446(b)(2)(C)'s authorization for earlier-served defendants to join in the notice of removal of later-served defendant would allow HSBC to consent to the Notice, even though it had not previously initiated or consented to removal. 28 U.S.C. § 1446(b)(2)(C).  In order to cure the defective Notice, however, HSBC (the second-served Defendant) was required to submit its consent within the 30-day statutory window for Martin and Jensen (the last-served Defendants) to remove. Because Martin and Jensen were served on May 7, 2017, their removal window closed on June 6, 2017.  Accordingly, HSBC's consent had to be filed by June 6, 2017.[18]  See, e.g., Rouege Trucking, LLC v. Canales, No. CIV.A. 14-304-JJB, 2015 WL 127870,

_____

[18]  Ironically, this is the day Plaintiffs' counsel provided Removing Defendants' counsel with a copy of the file-stamped proof of service re: HSBC following the parties' planning meeting.  Opp'n, Kaiawe Decl. at ¶ 10.  Therefore, even if Removing Defendants had not taken any additional steps towards ascertaining whether HSBC had been served since May 23, 2017, they had the requisite knowledge to timely correct defects in the Notice.

at *4 (M.D. La. Jan. 7, 2015) (holding that a consent to removal filed by an earlier-served defendant was timely because it was within 30 days of the service of the last-served defendant); Gibbs v. Ocwen Loan Servicing, LLC, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014) (holding that consent to removal under § 1446(b)(2)(C) must be filed within the later-served defendant's thirty-day removal period); Perez v. Bank of Am., N.A., No. EP-13-CV-285-KC, 2013 WL 5970405, at *5 (W.D. Tex. Nov. 7, 2013) ("[E]arlier-served defendants [may] join in removal by later- served defendants who remove within their own individual statutory thirty-day removal period" established by 28 U.S.C. § 1446(b).") (second alteration in original) (quotations and citation omitted); Zambrano, 2017 WL 2628920, at *6 ("Under the last-served defendant rule, the rule of unanimity, and 28 U.S.C. § 1446(b), Defendants were required to obtain unanimous consent to removal from each served Defendant no later than the date on which the last-served Defendants had to file a notice of removal, in order for removal to be effective."); Alston, 2017 WL 2839629, at *3 ("[U]nder 28 U.S.C. § 1446(b)(2), a removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal, or within 30 days of when the consenting defendant was first served, whichever is later."); Palmeira v. CIT Bank, Civil No. 17-00275 ACK-RLP, Doc. No. 26 at 8-9 (D. Haw. Aug. 10, 2017) (finding that

defects in the notice of removal "were required to be cured within the thirty-day statutory window for removal, which began when Defendant Colridge [(the last-served defendant)] was served with the First Amended Complaint").[19]

The Court acknowledges that this area of law is unsettled and has been the subject of divergent interpretations. However, to the extent there are any doubts concerning the propriety of removal, they must be resolved in favor of remand. By any standard, HSBC's after-acquired consent and joinder, filed July 12, 2017, fell well outside the 30-day period to cure defects, thereby violating § 1446(b). Prize Frize, 167 F.3d at 1266 (finding removal improper where the unanimity requirement was not satisfied and the defendants did not cure the defect within the 30-day period). Even if the Court were to accept June 26, 2017 – the date that HSBC's counsel informed Removing Defendant's counsel that HSBC consented to removal – as the date HSBC joined in the removal, it would nevertheless be untimely. This would be true even if the Court also determined that HSBC had 30 days from the date the Notice was filed to cure the

---

[19] Removing Defendants' counsel addressed this case for the first time at the hearing, in violation of Local Rule 7.8 ("A party who intends to rely at a hearing on authorities not included in either the brief or memorandum of law or in a letter submitted at least four (4) days before a hearing should provide to the court and opposing counsel copies of the authorities at the earliest possible time prior to the hearing."). She argued that this case supports the retention of this action. Even a cursory review of the case reveals that it supports remand.

defect.

Ninth Circuit precedent clearly establishes that remand is appropriate when defects in removal notices are not cured within the 30-day period prescribed by § 1446. Section 1446's requirements are clear and the case law concerning the unanimity requirement is well developed. Given the Court's obligation to resolve any doubts about the propriety of removal in favor of remanding the case to state court, remand is both appropriate and necessary. See 28 U.S.C. § 1447(c).

III. The Belated Joinder Does not Preclude Remand

Removing Defendants lastly assert that assuming HSBC's consent was required, pursuant to Hyland v. Office of Housing & Community Development, No. CV 15-00504 LEK-RLP, 2016 WL 899237 (D. Haw. Mar. 8, 2016), consent was timely given. Hyland does not stand for the proposition, nor do the cases upon which it relies, that district courts should allow procedural defects to be cured prior to the entry of judgment. To do so would render the requirements in § 1446 meaningless. In pertinent part, the Hyland court held:

> However, the failure to obtain all defendants'
> joinder or consent is a procedural defect that can
> be cured prior to the entry of judgment. See
> Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th
> Cir. 2011) ("If this is not true when the notice
> of removal is filed, the district court may allow
> the removing defendants to cure the defect by
> obtaining joinder of all defendants prior to the
> entry of judgment." (citing Soliman v. Philip
> Morris Inc., 311 F.3d 966, 970 (9th Cir. 2002)

> ("[A] procedural defect existing at the time of
> removal but cured prior to entry of judgment does
> not warrant reversal and remand of the matter to
> state court." (alteration in original and internal
> quotation marks omitted)))).
>
> Ainakea's joinder in the County Defendants'
> memorandum in opposition to the Motion to Remand
> is also a joinder in the Notice of Removal.
> Further, in its joinder to the memorandum in
> opposition, HAPI confirmed that it consented to
> the removal.  Thus, even assuming, arguendo, that
> the removal was defective because the County
> Defendants failed to obtain either the joinder or
> consent of both Ainakea and HAPI, Defendants have
> cured that defect.  To the extent that the Motion
> for Remand asks this Court to remand the instant
> case based on the alleged unanimity defect, the
> Motion for Remand is DENIED

Id. at **2-3.  The Court acknowledges the legitimacy and accuracy

of the aforementioned legal principles.  However, the cases cited

in Hyland require a closer examination for contextual purposes.

The Destfino court relied on Soliman v. Philip Morris Inc., 311

F.3d 966, 970-71 (9th Cir. 2002), for the principle that a

procedural defect that is cured prior to the entry of judgment

does not warrant reversal and remand of the action to state

court.  The Soliman court in turn relied on Parrino v. FHP, Inc.,

146 F.3d 699, 703 (9th Cir. 1998), superseded by statute on other

grounds as recognized in Abrego, 443 F.3d at 681, for this

principle.

In Parrino, the Ninth Circuit held that "[u]nder

Caterpillar[, Inc. v. Lewis, 519 U.S. 61 (1996)] . . . a

procedural defect existing at the time of removal but cured prior

to the entry of judgment does not warrant reversal and remand of
the matter to state court." Id. Notably, the Parrino court
explained that it did not

> read *Caterpillar* to authorize district courts to
> ignore the procedural requirements for removal; to
> the contrary, we agree with *Caterpillar* that
> <u>"[t]he procedural requirements for removal remain
> enforceable by the federal trial court judges to
> whom those requirements are directly addressed'</u> .
> . . . [w]e understand *Caterpillar* merely to permit
> *the Court of Appeals* to treat as cured a
> procedural defect in the removal process corrected
> before entry of judgment."

Id. at 703 n.1 (emphasis added) (first alteration in original).

Relevant to these proceedings, one of the issues on appeal in

Parrino was the failure to satisfy procedural requirements for

removal; namely, the joinder by one of one of the defendants in

the removing defendant's notice of removal nearly two months

after service of the complaint. Id. at 703. The court declined

to remand on procedural grounds because to do so would be an

empty formality. Id.

Quoting Caterpillar, the court reasoned: "To wipe out

the adjudication post-judgment, and return to state court a case

now satisfying all federal jurisdictional requirements, would

impose an exorbitant cost on our dual court system, a cost

incompatible with the fair and unprotracted administration of

justice." Id. (quoting Caterpillar, 519 U.S. at 77) (quotations

omitted). The respondent in Caterpillar expressed concerns that

"if the final judgment against him is allowed to stand, 'all of

27

the various procedural requirements for removal will become unenforceable.'" Caterpillar, 519 U.S. at 77 (citation omitted). The Supreme Court refused to indulge the respondent's assumption that "district courts generally will not comprehend, or will balk at applying, the rules on removal Congress has prescribed." Id.

We are not here dealing with a case on appeal that has been fully adjudicated through judgment, where correction of a procedural defect is a mere formality. This case is in its earliest stages at the trial level and remand will have a limited impact on the case, if at all. This is the only motion pending before the Court and no matters were adjudicated in state court prior to removal. Furthermore, the Court must uphold its obligation, as recognized in both Caterpillar and Parrino, to enforce the procedural requirements associated with removal. In view of Removing Defendant's violation of the unanimity rule, HSBC's untimely joinder, and the strong presumption against removal jurisdiction, this action must be remanded to state court.

IV. Removal Expenses

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c)

28

only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule.  Id.  The Martin Court also instructed that

> [t]he appropriate test for awarding fees under
> § 1447(c) should recognize the desire to deter
> removals sought for the purpose of prolonging
> litigation and imposing costs on the opposing
> party, while not undermining Congress' basic
> decision to afford defendants a right to remove as
> a general matter, when the statutory criteria are
> satisfied.

Id.

Although the Court has concluded that remand is necessary, it finds that Plaintiffs are not entitled to an award of attorneys' fees and costs under § 1447(c) because Removing Defendants had an objectively reasonable basis for seeking removal.[20]  Sections 1332 and 1441 provided a basis for removal notwithstanding the Notice's procedural deficiency; that is, the relevant case law did not clearly foreclose Removing Defendants' basis for removal.  Moreover, the case law regarding certain issues is unsettled and the Notice could have been timely amended

---

[20]  Plaintiffs did not request an award of expenses.

to cure the procedural defect following the removal of the action.  Accordingly, the Court recommends that the district court decline to award fees or costs pursuant to § 1447(c).

<u>CONCLUSION</u>

For the reasons stated above, the Court HEREBY RECOMMENDS that Plaintiffs' Motion be GRANTED and that this action be remanded to the Circuit Court of the Fifth Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, August 25, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 17-00234 DKW-KSC; <u>LEWIS, ET AL. V. HSBC BANK USA, N.A., ET AL.</u>;
FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND